# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES GOMEZ, | 1:06-CV-00221 SMS HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. #11] |
| | ORDER DISMISSING PETITION |
| M. EVANS, | ORDER DIRECTING CLERK OF COURT |
| Respondent. | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated June 26, 2006, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Merced, following his conviction by jury trial on August 7, 1998, of second degree robbery, second degree burglary, assault with a firearm and

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the lodged documents in support of Respondent's motion to dismiss.

possession of a prohibited weapon (Cal. Penal Code §§ 211, 459, 245(a)(2), 12020(a)). See Lodged Doc. No. 1, Respondent's Motion to Dismiss (hereinafter "Motion"). Several enhancements were also found to be true. Id. On September 8, 1998, Petitioner was sentenced to serve a determinate term of 25 years in state prison. See Lodged Doc. No. 2, Motion.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate Distirct (hereinafter "5th DCA"). On August 2, 2000, the 5th DCA affirmed the conviction. Id. Petitioner then filed a petition for review in the California Supreme Court. On October 18, 2000, the California Supreme Court summarily denied review. See Lodged Doc. No. 4, Motion.

Petitioner then filed four post-conviction collateral challenges, all petitions for writ of habeas corpus, in the state courts as follows:

1. August 3, 1999 – Petition filed in Merced County Superior Court;
   August 3, 1999 – Petition denied. See Lodged Docs. Nos. 5 & 6, Motion.

2. November 15, 1999 – Petition filed in 5th DCA;
   August 2, 2000 – Petition denied. See Lodged Doc. No. 7, Motion.

3. February 4, 2004 – Petition filed in Merced County Superior Court;
   March 16, 2004 – Petition denied. See Lodged Docs. Nos. 8 & 9, Motion.

4. February 15, 2005 – Petition filed in California Supreme Court;
   December 21, 2005 – Petition denied. See Lodged Docs. Nos. Exhibit 10 & 11, Motion.

On April 23, 2001, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California. By order of the Court dated May 3, 2001, the action was transferred to the Fresno Division of the Eastern District. On March 13, 2002, the petition was dismissed for failure to exhaust state remedies.

On January 25, 2006, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California. By order of the Court dated January 31, 2006, the action was transferred to the Fresno Division of the Eastern District and received in this Court. On May 17, 2006, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file an opposition to Respondent's motion to dismiss.

U.S. District Court
E. D. California        cd                                    2

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on January 25, 2006, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on October 18, 2000. Thus, direct review concluded on January 16, 2001, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year from January 17, 2001, until January 16, 2002, in which to file his federal petition for writ of habeas corpus. However, Petitioner did not filed the instant petition until January 25, 2006, over four years after the limitations period had expired. Absent applicable tolling, the instant petition is untimely and barred by the statute of limitations.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Chavis v. Evans, ___ U.S. ___, 126 S.Ct. 846 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

In this case, the statute of limitations began to run on January 17, 2001, and expired on January 16, 2002. Although Petitioner filed four post-conviction collateral challenges with respect to the pertinent judgment or claim in state court, the petitions did not operate to toll the statute of limitations. The first collateral challenge was filed on August 3, 1999, and denied on the same date. Since the petition was filed and denied before direct review concluded and the limitations period commenced, it did not operate to toll the statute of limitations. See Hill v. Keane, 948 F.Supp. 157, 159 (E.D.N.Y. 1997). Likewise, the second petition was filed and denied prior to the conclusion of direct review and did not operate to toll the statute. The third petition was filed on February 4, 2004, over two years after the limitations period expired. Because the limitations period had already expired, the third petition as well as the fourth did not operate to toll the statute. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

Petitioner is also not entitled to tolling for the interval between the second and third petitions. Pursuant to the Supreme Court's rulings in Saffold and Chavis, Petitioner would be entitled to tolling for the interval between the denial of the second state habeas petition and the filing of the third habeas petition, provided that Petitioner did not unreasonably delay in filing his third petition. Saffold, 536 U.S. at 225; Chavis, 126 S.Ct. at 852. As noted by Respondent, Petitioner delayed over three years and six months before he filed his third habeas petition in state court. The state court denied the petition for procedural default. See Lodged Doc. No. 9, Motion. In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the

federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Chavis, 126 S.Ct. at 852. In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Id., *quoting* Saffold, 536 U.S. at 219. In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 126 S.Ct. at 853, *citing* Saffold, 536 U.S. at 222-223.

Here, Petitioner's delay of over three years and six months is clearly unreasonable. The delay is several times greater than the six month delay found unreasonable in Chavis. Therefore, the third habeas petition filed in the state court was untimely and Petitioner is not entitled to tolling for the interval between the denial of the second habeas petition and the filing of the third habeas petition.

In addition, Petitioner is not entitled to tolling for the time his first federal petition was pending in this Court, because the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181 (2001). Therefore, Petitioner is not entitled to any statutory tolling and the petition continues to be untimely.

D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. 408; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner does not argue that the limitations period should be equitably tolled and the Court

| | |
|---|---|
| 1 | finds no reason to do so. Accordingly, Petitioner is not entitled to equitable tolling and the petition |
| 2 | remains untimely. |

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's Motion to Dismiss the Petition for violating the limitations period is GRANTED;

2) The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE; and

3) The Clerk of Court is DIRECTED to enter judgment for Respondent.

IT IS SO ORDERED.

**Dated:   August 24, 2006**           **/s/ Sandra M. Snyder**
icido3                                     UNITED STATES MAGISTRATE JUDGE